UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-20897-KMM

AHMAD ELAKIL,

      Plaintiff,

v.

PUBLIC HEALTH TRUST OF MIAMI-
DADE COUNTY, FLORIDA; UNIVERSITY
OF MIAMI; and RICARDO KOMOTAR,

      Defendants.

_____/

**MOTION OF DEFENDANTS, UNIVERSITY OF MIAMI AND RICARDO KOMOTAR,
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE**

Defendants, University of Miami (the "University") and Ricardo Komotar ("Dr. Komotar") (collectively, the "University Defendants"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby move to dismiss the Amended Complaint and Jury Demand (the "Amended Complaint") (D.E. 30) filed by Plaintiff, Ahmad Elakil, for failure to state a claim. Plaintiff fails to correct the deficiencies in his original Complaint (D.E. 1) identified by the Court, which resulted in dismissal and which the Court ordered Plaintiff to correct in his Amended Complaint (D.E. 29). The Amended Complaint remains an impermissible shotgun pleading, and it still fails to state any claim.[1] Because Plaintiff already has had two opportunities to state his claims and has failed to comply with the Court's instructions to do so, it is clear that Plaintiff cannot state

---

[1]    In the Court's Order on the Defendants' original Motions to Dismiss, the Court dismissed all claims against the University Defendants except for a claim for fraudulent inducement against the University. (D.E. 29.) As explained *infra*, the University Defendants respectfully submit that Plaintiff's own allegations in his Amended Complaint, as well as binding precedent, should result in dismissal of that claim at this juncture, as well.

any claim upon which relief can be granted. Accordingly, the University Defendants respectfully request that all claims against them be dismissed with prejudice.

## INTRODUCTION

Plaintiff has brought suit because he was not awarded a Certificate of Completion for a medical fellowship program from which he admittedly resigned. (D.E. 1; D.E. 29.) None of Plaintiff's claims is factually or legally viable. Before addressing the allegations of the Amended Complaint, it is necessary to set forth the allegations of Plaintiff's original Complaint and the Court's Order on Defendants' original Motions to Dismiss.

## I.    Procedural History

In his original Complaint, Plaintiff attempted to assert four claims against the University Defendants and a third Defendant, Public Health Trust of Miami-Dade County, Florida (the "Trust"). (D.E. 1.) Plaintiff attempted to assert four claims: (1) Violation of 42 U.S.C. § 1983 (Denial of Procedural Due Process) against all Defendants; (2) Violation of 42 U.S.C. § 1983 (Denial of Substantive Due Process) against all Defendants; (3) Breach of Contract against the Trust and the University; and (4) Fraudulent Inducement against the University. (*Id*.)

All Defendants moved to dismiss. (D.E. 16; D.E. 17). Following full briefing (D.E. 22; D.E. 23; D.E. 24; D.E. 25), on October 19, 2020, the Court entered an Order granting the Motions in substantial part. (D.E. 29.) As to Plaintiff's Section 1983 claims, the Court found that dismissal was proper because the University Defendants, a private university and a private doctor, are not "state actors" - - a requirement to assert a claim under Section 1983. (*Id*. at 4-6.) As to Plaintiff's claim for breach of contract against the University, the Court found that dismissal was appropriate because Plaintiff failed to allege that he performed his obligations under the alleged contract: his completion of all requirements of the fellowship to obtain the certificate of completion. (*Id*. at 9-

10.) As to Plaintiff's claim for fraudulent inducement against the University, the Court concluded, in pertinent part, that Plaintiff had stated a claim because that tort does not require "justifiable reliance," rejecting the University's argument that it does. (*Id*. at 12.) Finally, the Court found that the Complaint was an "impermissible shotgun pleading" and ordered that the Amended Complaint "comply with the Federal Rules of Civil Procedure." (*Id*. at 13 n.3.) "Failure to do so shall result in dismissal of the Complaint for failure to prosecute and failure to obey court orders." (*Id*. at 13.)

## II.   Allegations of the Amended Complaint

On October 23, 2020, Plaintiff timely filed his Amended Complaint. (D.E. 30.) The Amended Complaint is strikingly similar to the original Complaint except in three respects. First, although his original Complaint only asserted federal-question jurisdiction (and supplemental jurisdiction over Plaintiff's state-law claim), Plaintiff now alleges diversity of citizenship as an additional basis for this Court's jurisdiction. (*Compare* Compl. ¶¶ 7-8 *with* Am. Compl. ¶¶ 7-8.)[2] Second, although his original Complaint asserted his Section 1983 claims against all Defendants, he now only asserts those claims against the University Defendants (*i.e.*, the Trust is no longer a Defendant). (*Compare* Compl. ¶¶ 58-90 *with* Am. Compl. ¶¶ 64-99.) Third, Plaintiff has included a handful of additional allegations regarding his participation in and operation of the Fellowship. (*See, e.g.* Am. Compl. ¶¶ 16-18, 26, 47, 58, 85, 91, 104, 108 and portions of ¶¶ 35, 42, 69-70, 83, 92.) Notwithstanding these alterations, the material allegations remain the same.

Plaintiff alleges that the Trust is "an agency and instrumentality of Miami-Dade County." (Am. Compl. ¶ 2.) The University is a "non-profit educational institution" that "operates graduate medical education and training programs." (*Id*. ¶ 3.) Attached hereto as Exhibit A are Sunbiz

---

[2]   Presumably, this was done to preserve this Court's jurisdiction in the event the Court again dismisses Plaintiff's only federal claims under Section 1983.

records from the Florida Department of Corporations, which show that the University is a private corporation organized under the laws of the State of Florida.[3] Plaintiff alleges that the Trust and the University operate a Neuro-Oncology Fellowship Program (the "Fellowship") at Jackson Memorial Hospital. (Am. Compl. ¶¶ 3, 15.) Plaintiff alleges that Dr. Komotar is the "Director of the Fellowship and an Associate Professor" at the University. (*Id.* ¶ 4.) Plaintiff alleges that, "[f]ollowing completion of a fellowship, fellows receive a completion certificate, signifying the institutions' determination that the physician successfully completed the fellowship." (*Id.* ¶ 21.)

Plaintiff alleges that, in July 2019, he entered the Fellowship as a fellow. (Am. Compl. ¶¶ 14, 22.) As a fellow, Plaintiff "worked under a Collective Bargaining Agreement with the Committee of Interns and Residents" that "outlined the salaries, benefits and terms and conditions of the work of residents and fellows" (the "CBA"). (Am. Compl. ¶ 28.) A true and correct copy of the CBA is attached hereto as Exhibit B.[4]

In his Amended Complaint, Plaintiff quotes Article 11, Section 3 of the CBA, which provides, in pertinent part, that "the hospital shall issue the appropriate certificates upon the

---

[3]     As noted in the University Defendants' original Motion to Dismiss (D.E. 16 at 2 n.1.), the Court properly may take judicial notice of these government records in ruling on the instant Motion to Dismiss. *See, e.g.*, *Am. Marine Tech, Inc. v. World Group Yachting, Inc.*, 418 F. Supp. 3d 1075, 1081 (S.D. Fla. 2019) (considering Sunbiz records because a "court properly takes judicial notice of relevant public records in deciding a motion to dismiss") (citing *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010)).

[4]     As noted in the University Defendants' original Motion to Dismiss (D.E. 16 at 2 n.2.), the Court may consider the CBA in ruling on the instant Motion to Dismiss because it is expressly referenced in the Complaint, it is central to Plaintiff's claims and its authenticity cannot reasonably be challenged. *Allen v. Miami-Dade Cty.*, No. 01-4700-CIV, 2002 WL 732108, at *1 n.1 (S.D. Fla. Mar. 19, 2002) ("This collective bargaining agreement was attached to Defendant's Motion to Dismiss, not to Plaintiffs' Complaint. However, because Plaintiffs reference the agreement in their Complaint, and because it is central to their claims, this Court may consider the agreement without converting the motion to dismiss to a motion for summary judgment.") (citing *Brooks v. Blue Cross Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997)). In fact, in ruling on that Motion, the Court took judicial notice of and considered the CBA. (D.E. 29 at 2 n.2.)

satisfactory completion of the training program and clearance by the Graduate Medical Education Office. Printed certificates will be furnished upon satisfactory completion of a program." (Ex. B at 21; Am. Compl. ¶ 28.) In addition, Article 20 of the CBA expressly provides that it constitutes the entire agreement between the parties regarding the Fellowship and expresses all obligations and restrictions imposed on each of the respective parties during its term. (Ex. B at 41.) Finally, Article 24, Section 1 of the CBA provides that it shall be effective from October 1, 2018, through September 30, 2020. (Ex. B at 43.)

Plaintiff's Fellowship was supposed to last one year. (Am. Compl. ¶ 29.) However, Plaintiff alleges that, after starting the Fellowship, he was dissatisfied with the surgical opportunities he was provided. (*Id.* ¶¶ 29-30.) Plaintiff alleges that he and Dr. Komotar discussed the possibility of Plaintiff leaving the Fellowship early but nevertheless receiving the Certificate of Completion for the Fellowship. (*Id.* ¶¶ 31-44.) Plaintiff further alleges that Dr. Komotar advised him that he "had met the substantive requirements of the Fellowship" and would receive the Certificate of Completion even if the left the Fellowship early. (*Id.*) Thereafter, Plaintiff alleges that he began seeking other employment opportunities. (*Id.*)

Plaintiff alleges that, after he secured another job, he <u>resigned</u> from the Fellowship effective November 1, 2019. (*Id.* ¶¶ 45-46.) Plaintiff alleges that, after resigning, he was informed by the University's Graduate Medical Education Office that he "would not receive a certificate of completion because he resigned before the end of the requisite 12-month fellowship period." (*Id.* ¶ 48.) Plaintiff further alleges that Dr. Komotar advised him that he "had checked with the Trust and governing educational body, and they had denied his certificate." (*Id.* ¶ 54.)

Plaintiff alleges that he "resigned from the program solely based on and in reliance on [the] agreement that he would be issued the certificate." (*Id.* ¶ 53.) Plaintiff alleges that he "attempted

to grieve and appeal the failure to issue the certificate of completion under the terms of the CBA but received no response and thus was denied the opportunity to do so." (*Id.* ¶ 57.) However, Article 12, Section 2 of the CBA expressly provides that "disputes over progress in the educational program, discharge of clinical responsibilities, . . . [and] a program termination" "shall not be considered grievances." (Ex. B at 26.)

Based on these allegations, Plaintiff attempts to assert four claims: (1) Violation of 42 U.S.C. § 1983 (Denial of Procedural Due Process) against the University Defendants; (2) Violation of 42 U.S.C. § 1983 (Denial of Substantive Due Process) against the University Defendants; (3) Breach of Contract against the University and the Trust; and (4) Fraudulent Inducement against the University. (*See* Am. Compl.) Each Count incorporates all of the Amended Complaint's general allegations. (*Id.* ¶¶ 64, 79, 100, 120.)

## ARGUMENT

The Amended Complaint continues to suffer from several deficiencies that warrant dismissal. As a threshold matter, the Amended Complaint remains a shotgun pleading, in which each Count incorporates by reference all general allegations, leading to incomprehensible and nonsensical results. The Eleventh Circuit repeatedly has condemned that practice and affirmed the dismissal of such complaints. Further, Plaintiff has not plausibly alleged any claim, and it is clear that he cannot do so. For all of these reasons, Plaintiff's Complaint properly should be dismissed.

## I.  THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS A SHOTGUN PLEADING.

Fed. R. Civ. P. 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Relatedly, Fed. R. Civ. P. 10 requires that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." A complaint "must make it possible 'to know which allegations of fact are intended to support which

claim(s) for relief.'" *Am. Cas. Co. of Reading v. Superior Pharmacy, LLC*, No. 813CV00622T27TBM, 2013 WL 12156519, at *1 (M.D. Fla. Oct. 29, 2013) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). "Neither the Court, nor the Defendants, should be required to 'sift through the facts presented and decide for [itself] which are material to the particular cause of action asserted.'" *Id.* (quoting *Strategic Income Fund, L.L.C. v. Spear, Leeds &Kellogg Corp.*, 305 F.3d 1293, 1296 n.9 (11th Cir. 2002)).

Complaints that violate Rule 8(a) and/or Rule 10b) are referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Several different kinds of shotgun pleadings exist. *Id.* One example is where a complaint begins "with a long list of general allegations, most of which are immaterial to most of the claims for relief." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). These "general allegations are incorporated by reference into each count of the complaint." *Id.* "The problem with a shotgun complaint is that most of the counts 'contain irrelevant factual allegations and legal conclusions.'" *Small v. Amgen, Inc.*, 2 F. Supp. 3d 1292, 1296 (M.D. Fla. 2014) (quoting *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002)). A related type of shotgun complaint exists when plaintiffs fail to provide "sufficient notice of which defendants are claimed to be responsible for which acts and omissions because they often refer to defendants collectively." *Tran v. City of Holmes Beach*, 817 Fed. Appx. 911, 914–15 (11th Cir. 2020) (citing *Weiland*, 792 F.3d at 1323).

Both defects exist in Plaintiff's Amended Complaint. It contains more than fifty paragraphs of general allegations, which are incorporated by reference into all claims. (Am. Compl. ¶¶ 64, 79, 100, 120.) No claims, however, are asserted against all Defendants. Further, throughout the Amended Complaint, Plaintiff groups the Defendants together and fails to identify which

Defendants committed which acts. As a result, each Count of the Amended Complaint bases claims on alleged acts or omissions of multiple Defendants. That type of pleading is not permitted.

A shotgun pleading properly is dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 and 1126 n.3 (11th Cir. 2014) (collecting more than twenty cases). In fact, dismissal with prejudice is appropriate at this stage of the proceedings. *See Tran*, 817 Fed. Appx. at 914–15 (affirming dismissal with prejudice of shotgun complaint); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358–59 (11th Cir. 2018) (holding that a district court may dismiss a complaint with prejudice where, as here, the plaintiff has been advised of her complaint's deficiencies and fails to correct them). Accordingly, the University Defendants request that the Amended Complaint be dismissed with prejudice on shotgun-pleading grounds.

## II.   PLAINTIFF HAS FAILED TO STATE ANY PLAUSIBLE CLAIM.

The above analysis should end the inquiry. *See Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (a district court should dismiss or strike a shotgun complaint rather than address the pleading on the merits); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) (same). Despite the Court's ability to dismiss the Amended Complaint in its entirety as a shotgun pleading, it may address the other bases for dismissal set forth in a motion to dismiss. *Silver Crown Invest., LLC v. Team Real Estate Management, LLC,* 349 F. Supp. 3d 1316, 1334 (S.D. Fla. 2018). Even on the merits, the Amended Complaint properly should be dismissed.

### A.   Legal Standard on a Motion to Dismiss

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint "must consist of more than 'an unadorned, the-defendant-unlawfully-harmed-

me accusation.'" *Lattimore v. Wells Fargo Bank, N.A.*, 590 Fed. Appx. 912, 913 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). A "'formulaic recitation of the elements of a cause of action will not do.'" *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court must accept the plaintiff's well-pleaded facts as true but need not accept mere legal conclusions. *Brinson v. Welsh*, 709 Fed. Appx. 582, 584 (11th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678). Further, it is well-established that documents attached to or incorporated into a complaint by reference control over contradictory allegations. *Principal Bank v. First Am. Mortg., Inc.*, No. 2:10-CV-190-FTM, 2014 WL 1268546, at *2 (M.D. Fla. Mar. 27, 2014) (citing *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205–06 (11th Cir. 2007)).

"Plausibility is the key, as the 'well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'" *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1333 (11th Cir. 2010) (quoting *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009), in turn quoting *Twombly*, 550 U.S. at 570). "In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief." *Gavilan v. Balans, L.C.*, No. 14-22791-CIV, 2014 WL 6979625, at *1 (S.D. Fla. Dec. 9, 2014) (citing *Iqbal*, 556 U.S. at 678).

**B.     Overview of Plaintiff's Claims**

Although Plaintiff has asserted various statutory, tort and contractual theories in the four Counts of his Amended Complaint, the gravamen of all of his claims is the same: Plaintiff contends that, based on alleged statements from Dr. Komotar - - statements that expressly contradict the unambiguous terms of a CBA that governs Plaintiff's relationship with Defendants and that prevents modification of same - - he is entitled to receive a Certificate of Completion for a Fellowship from which he resigned and for which he failed to satisfy all requirements. Plaintiff's position clearly is unsupported.

As a threshold matter, Plaintiff's attempt to assert claims against the University and Dr. Komotar is improper, as the CBA makes clear that Plaintiff only had a contractual relationship with the Trust. For example, the CBA itself states that it is between the Trust and the Committee of Interns and Residents (a Union of which Plaintiff is a member by virtue of his participation in the Fellowship). (*See* Ex. B at 5.) Further, Plaintiff's own allegations and the CBA itself make clear that it is the Trust - - not the University - - that issues the Certificate of Completion upon two prerequisites: "the satisfactory completion of the training program and clearance by the Graduate Medical Education Office." (Ex. B at 21; Am. Compl. ¶ 28.) Not surprisingly, Plaintiff still fails to allege that he completed those requirements, as it is undisputed that he did not.

That same CBA provides that it constitutes the entire agreement of the parties and shall be in effect at all times material hereto. (Ex. B at 41, 43.) As a matter of Eleventh Circuit law, "Florida courts enforce contracts according to their plain terms when those terms are unambiguous." *S & S Packing, Inc. v. Spring Lake Ratite Ranch, Inc.*, 702 Fed. Appx. 874, 878 (11th Cir. 2017) (citing *Arriaga v. Fla. Pac. Farms, L.L.C.*, 305 F.3d 1228, 1247 (11th Cir. 2002)).[5] Here, based on the unambiguous language of the CBA, Plaintiff's claims necessarily fail because, by not completing the program and not receiving clearance by the Graduate Medical Education Office, Plaintiff was not entitled to the Certificate of Completion. On this basis alone, the claims against the University Defendants should be dismissed with prejudice.[6]

Attempting to get around that bar, Plaintiff alleges that he and Dr. Komotar entered into a modified contract by which Dr. Komotar agreed to provide him a Certificate of Completion

---

[5]     The Court is "*Erie*-bound" to apply Florida substantive law in evaluating Plaintiff's state-law claims for breach of contract (Count III) and fraudulent inducement (Count IV). *Jackson v. BellSouth Telecomms*, 372 F. 3d 1250, 1274-75 (11th Cir. 2004)).

[6]     Further dooming Plaintiff's claims is his attempt to hold the University and Dr. Komotar (a private university and individual) liable under Section 1983, as they are not state actors.

10

anyway. In essence, Plaintiff alleges that he entered into a new contract, without consideration, by which he would receive false certification of his medical credentials. Such an alleged agreement would violate public policy and could result in civil and/or criminal penalties. *See, e.g.*, Fla. Stat. § 458.327(1)(d) ("Each of the following acts constitutes a felony of the third degree: . . . (d) Attempting to obtain or obtaining a position as a medical practitioner or medical resident in a clinic or hospital through knowing misrepresentation of education, training, or experience"); Fla. Stat. § 458.331(1) ("The following acts constitute grounds for denial of a license or disciplinary action: . . . (gg) Misrepresenting or concealing a material fact at any time during any phase of a licensing or disciplinary process or procedure"; … (ll) Advertising or holding oneself out as a board-certified specialist, if not qualified under s. 458.3312, in violation of this chapter"). For the same reasons, such an alleged agreement would violate public policy and be unenforceable. *See Harris v. Gonzalez*, 789 So. 2d 405, 409 (Fla. 4th DCA 2001) (analyzing Chapter 458 of the Florida Statutes and affirming "the trial court's ruling that, as a matter of law, the subject contract is void as violative of Florida law and public policy and, thus, confers no enforceable rights on appellants").

In sum, none of Plaintiff's claims is factually or legally viable.

### C.     Plaintiff Fails to State a Claim under Section 1983 (Counts I and II).

In Counts I and II, Plaintiff brings claims against the University Defendants for alleged civil rights violations under 42 U.S.C. § 1983. (Am Compl. ¶¶ 64-99.) Count I alleges a violation of procedural due process, and Count II alleges a violation of substantive due process. (*Id.*) Neither Count states a plausible claim.

#### 1.     The University Defendants are not State Actors.

As a threshold matter, and as the Court noted in its Dismissal Order (D.E. 29 at 5.), a claim under Section 1983 requires that the Defendant be a "state actor." *Ball v. City of Coral Gables*,

548 F. Supp. 2d 1364, 1370 (S.D. Fla. 2008), *aff'd*, 301 Fed. Appx. 865 (11th Cir. 2008). The attached Sunbiz records (Ex. A) make clear that the University is a private corporation - - not a government agency. In fact, this Court previously has held that the University is a "private university" and, therefore, not liable under Section 1983. *Andela v. Univ. of Miami*, 692 F. Supp. 2d 1356, 1376 (S.D. Fla. 2010). This Court's decision was affirmed by the Eleventh Circuit. *Andela v. Univ. of Miami*, 461 Fed. Appx. 832, 836–37 (11th Cir. 2012). Accordingly, the Section 1983 claims against the University should be dismissed with prejudice.

The same is true for Dr. Komotar, an employee of the University (a private corporation). *See Magee v. Trs. of Hamline Univ., Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (affirming dismissal of Section 1983 claims against private university and its dean); *Covington v. Hawkes*, No. 06-CV-416-PB, 2007 WL 655474, at *3 (D.N.H. Feb. 23, 2007) (a plaintiff "cannot state a federal cause of action under 42 U.S.C. § 1983" against "a medical school professor at a private University"). Therefore, the Section 1983 claims against Dr. Komotar also should be dismissed with prejudice.

In addition, Plaintiff's Amended Complaint fails to address the defects previously identified by the Court in its Dismissal Order. (D.E. 29 at 5-6.) As the Court found, Plaintiff cannot state a Section 1983 claim against the University Defendants because, according to the CBA, the University has exclusive control over determining completion of the Fellowship. (*Id.*) As such, there is no state action, and Plaintiff's claims under Section 1983 necessarily fail.

### 2. Even if the University Defendants were State Actors, Plaintiff still has Failed to State a Section 1983 Claim.

Both Section 1983 claims are premised on Plaintiff's flawed assertion that he is entitled to a Certificate of Completion for a Fellowship from which he resigned and failed to complete. As to plaintiff's procedural due process claim, under Eleventh Circuit law, it "is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a

protected interest that gives rise to a federal procedural due process claim." *Cotton v. Jackson*, 216 F.3d 1328, 1330–31 (11th Cir. 2000) (emphasis added) (citing *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (*en banc*), *Bass v. Perrin*, 170 F.3d 1312, 1319 (11th Cir. 1999) and *Harris v. Board of Educ.*, 105 F.3d 591, 596 (11th Cir. 1997)). Plaintiff does not identify any flawed procedures[7], and Plaintiff had no protectable interest in receiving a false Certificate of Completion for a Fellowship he did not complete. Therefore, his procedural due process claim necessarily fails.

The same is true of his substantive due process claim. "[T]hese types of claims have been all but eliminated in this circuit." *Henry Co. Homes, Inc. v. Curb*, 548 F. Supp. 2d 1281, 1293 (N.D. Fla. 2008). This Court recently reaffirmed that principle:

> "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 272, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (internal citation omitted). "[N]ot every wrong committed by a state actor rises to the level of a 'constitutional tort' sufficient to trigger a substantive due process violation." *Lee v. Hutson*, 810 F.2d 1030, 1032 (11th Cir. 1987). A government actor's conduct "will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience shocking in a constitutional sense." *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1305 (11th Cir. 2003).

*AHE Realty Assoc., LLC v. Miami-Dade Cty., Fla.*, 320 F. Supp. 3d 1322, 1334–35 (S.D. Fla. 2018) (all alterations in original). Applying that rigorous standard, this Court dismissed a substantive due process claim under Section 1983 because the conduct at issue (the government's alleged infringement of a party's building/zoning rights) did not infringe on a fundamental right or "shock the conscience." *Id*. The same conclusion is appropriate here, as the alleged denial of a

---

[7]   To the extent Plaintiff's position is that he was entitled to but not did receive the grievance procedures set forth in the CBA, such argument should fail. By their express terms, those grievance procedures did not apply to Plaintiff's allegations. (Ex. B at 26.)

Certificate of Compliance is neither an infringement of a fundamental right nor does it "shock the conscience." In fact, the only "conscience-shocking" aspect of this case is that a medical doctor would pursue a federal lawsuit to obtain medical credentials that he did not earn.

Finally, even if the Court were to conclude that Dr. Komotar is a state actor, the claims are further deficient. To the extent Plaintiff seeks to hold him liable in his official capacity (Am. Compl. ¶ 4), such claim is barred by the Eleventh Amendment. *See Washington v. Bauer*, 149 Fed. Appx. 867, 871 (11th Cir. 2005) (noting that "the Eleventh Amendment of the Federal Constitution bars . . . § 1983 claims" against government employees in their official capacities and that "the State of Florida has not waived its immunity as to § 1983 claims, nor has Congress abrogated it").

Further, Dr. Komotar would be entitled to qualified immunity from suit. "[F]ederal law provides government officials a qualified immunity when sued individually for an alleged violation of a constitutional right." *Randall v. Scott*, 610 F.3d 701, 714 (11th Cir. 2010). "Qualified immunity offers complete protection for individual government officials performing discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Here, there exists no authority for the proposition that a medical doctor is entitled to certification materials that were not earned. Thus, Dr. Komotar would be entitled to qualified immunity on both Section 1983 claims.

For any and all of these reasons, Plaintiff has failed to state a plausible claim under Section 1983. It is clear that he cannot do so. Therefore, these claims should be dismissed with prejudice.

### D.      Plaintiff Fails to State a Claim for Breach of Contract (Count III).

In Count III, Plaintiff attempts to state a claim for breach of contract against the Trust and the University. (Am. Compl. ¶¶ 100-113.) Plaintiff contends that, pursuant to the CBA and his

alleged agreement with Dr. Komotar, he was entitled to his Certificate of Completion. (*Id.*) Plaintiff plainly is wrong. The "existence of a valid contract is a threshold question of law for the trial court." *Acumen Const., Inc. v. Neher*, 616 So. 2d 98, 99 (Fla. 2d DCA 1993) (citing *Caltagirone v. Sch. Bd. of Hernando Cty.*, 355 So. 2d 873 (Fla. 2d DCA 1978)). As noted in Section B *supra*, Plaintiff has not satisfied the terms of the CBA to obtain his Certificate, as he resigned from the Fellowship and did not receive clearance from the Graduate Medical Education Office.

Further, Plaintiff's alleged contract with Dr. Komotar to provide a Certificate, which expressly contradicts the bargained-for and express terms of the CBA, is void. As noted above, the enforcement of such an agreement would violate Florida law and public policy. "It is the appropriate function of courts of justice to enforce contracts according to the <u>lawful intent</u> and understanding of the parties." *Bronson v. Rodes*, 74 U.S. 229, 245 (1868) (emphasis added). Thus, parties "may not enter a contract that is void as a matter of public policy." *Neiman v. Provident Life & Accident Ins. Co.*, 217 F. Supp. 2d 1281, 1286 (S.D. Fla. 2002) (citing *King v. Allstate Ins. Co.*, 906 F.2d 1537, 1540 (11th Cir. 1990)). Public policy empowers this Court to decline enforcement of an unlawful contract. *Id.* (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 42 (1987)). "Contracts that are contrary to public policy are void because they have no legal sanction and establish no legal bond between the parties." *Id.* (citing *United Ass'n of Journeymen & Apprentices v. Henley & Beckwith, Inc.*, 66 So. 2d 818, 823 (Fla. 1953)). A contract violates public policy if it has "a bad tendency" or "contravene[s] the established interests of society." *Id.* (citing *Thomas v. Atlantic Coast Line R. Co.*, 201 F.2d 167, 169 (5th Cir. 1953)). To make that determination, the Court "must look to established law, primarily to statutes and secondarily to decisions of the court." *Id.* (citing *Castro v. Sangles*, 637 So. 2d 989, 9901 (Fla. 3d DCA 1994)).

As this Court has recognized, a contract is void and enforceable if it "violates a provision of the constitution or a statute." *Power Fin. Credit Union v. Nat'l Credit Union Admin. Bd.*, No. 11-CV-20638-KMM, 2011 WL 13175604, at *2 (S.D. Fla. Sept. 7, 2011) (citing *Cerniglia v. C & D Farms, Inc*., 203 So. 2d 1, 2 (Fla. 1967), *aff'd*, 494 Fed. Appx. 982 (11th Cir. 2012). *See also Harris v. Gonzalez*, 789 So. 2d 405, 409 (Fla. 4th DCA 2001) (affirming "the trial court's ruling that, as a matter of law, the subject contract is void as violative of Florida law and public policy and, thus, confers no enforceable rights on appellants based upon it," where alleged contract would violate Chapter 458 of the Florida Statutes governing the practice of medicine).

Here, it cannot reasonably be disputed that the alleged contract Plaintiff seeks to enforce is void as against public policy. As noted above, multiple Florida statutes proscribe the false certification of medical credentials. Yet, that is precisely what Plaintiff attempts to gain in this lawsuit. Any claim based on this alleged agreement necessarily fails and should be dismissed with prejudice. *Local No. 234 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada v. Henley & Beckwith, Inc.*, 66 So. 2d 818, 823 (Fla. 1953) ("a contract against public policy may not be made the basis of any action either in law or in equity").

Finally, this alleged new/modified contract is unenforceable because it was not supported by consideration. "[L]ike an initial contract, a modification or novation requires lawful consideration for its validity." *Schneir v. State*, 43 So. 3d 135, 137–38 (Fla. 3d DCA 2010) (citing *Newkirk Construction Corp. v. Gulf Cty.*, 366 So. 2d 813 (Fla. 1st DCA 1979); 11 Fla. Jur.2d Contracts § 207 (2003)). "It is well settled that a promise to perform what one is already required to do by an existing contract or otherwise is not valid consideration." *Id*. (citing F.*L. Stitt & Co. v. Powell*, 94 Fla. 550, 114 So. 375 (1927); *Slattery v. Wells Fargo Armored Service Corp.*, 366 So. 2d 157 (Fla. 3d DCA 1979); 11 Fla. Jur.2d Contracts § 89 (2003)). The modified contract alleged

by Plaintiff unilaterally benefits him and provides no countervailing/bargained-for benefit to Defendants in exchange. As a matter of contract law, it is unenforceable for want of consideration.

### E.      Plaintiff Fails to State a Claim for Fraudulent Inducement (Count IV).

In Count IV, Plaintiff attempts to state a claim for fraudulent inducement against the University. (Am. Compl. ¶¶ 114-122.) In previously seeking dismissal of this claim, the University argued *inter alia* that Plaintiff failed to state a claim because he failed to plausibly allege the element of justifiable reliance. (D.E. 16 at 17-18.) In denying the University's Motion, the Court found that, in *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010), "the Florida Supreme Court held that 'justifiable reliance' is not an essential element of fraud." (D.E. 29 at 12.) Most respectfully, based on the following survey of relevant authority, the University requests that the Court reconsider its prior decision because justifiable reliance is a required element of the tort.[8]

To begin, *Butler* did not involve a claim for fraudulent inducement, as alleged here. Rather, *Butler* involved a claim for fraudulent misrepresentation. *Butler*, 44 So. 3d at 105. The Honorable Joan Lenard noted this distinction before reaffirming her finding that justifiable reliance is an element of a fraudulent inducement claim: "Defendants did not assert a fraudulent-misrepresentation claim. Defendants asserted a fraudulent-inducement claim. The Florida Supreme Court, in *Butler*, did not discuss the elements of a fraudulent-inducement claim." *Etkin & Co., Inc. v. SBD, LLC*, No. 11-21321-CIV, 2015 WL 11714356, at *2 (S.D. Fla. Mar. 23, 2015).

---

[8]      An "amended complaint under the Federal Rules supersedes the original complaint." *Brown v. E.F. Hutton & Co., Inc.*, 610 F. Supp. 76, 78 (S.D. Fla. 1985) (citing *Fritz v. Standard Security Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982)). Because "defendants must plead anew," "there is no bar to a defendant filing a motion under Fed.R.Civ.P. 12(b) to the new operative pleading." *Feldkamp v. Long Bay Partners, LLC*, No. 2:09-CV-253-FTM29SPC, 2010 WL 3610452, at *7 (M.D. Fla. Sept. 14, 2010). Given this authority and the Court's authorization to Plaintiff to file an Amended Complaint, the University did not seek reconsideration of the Court's Dismissal Order but opted to address the matter herein in the interests of judicial economy.

Notably, the Eleventh Circuit - - in a published decision - - cited *Butler* for the proposition that a fraud in the inducement claim under Florida law requires justifiable reliance: "To establish a claim of fraud in the inducement under Florida law, a plaintiff must establish that: (1) the representor made a false statement concerning a material fact; (2) the representor knew or should have known that the representation was false; (3) the representor intended to induce another party to act in reliance on the false statement; and (4) the party acted in justifiable reliance on the representation and was injured as a result." *Glob. Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1029–30 (11th Cir. 2017) (citing *Butler*, 44 So. 3d at 105, in turn citing *Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985)).[9] In addition, this Court has found that justifiable reliance is an essential element of the tort: "To allege fraudulent inducement under Florida law, a plaintiff must claim that '(a) the representor made a misrepresentation of a material fact; (b) the representor knew or should have known of the falsity of the statement; (c) the representor intended that the representation would induce another to rely and act on it; and (d) the plaintiff suffered injury in justifiable reliance on the representation.'" *CCA Bahamas Ltd. v. Conquest Fin. Mgmt. Corp.*, No. 1:17-CV-22437-KMM, 2017 WL 10846263, at *2 (S.D. Fla. Nov. 28, 2017) (citing *White Holding Co., LLC v. Martin Marietta Materials, Inc.*, 423 F. App'x 943, 945 (11th Cir. 2011), in turn quoting *Joseph v. Liberty Nat'l Bank*, 873 So. 2d 384, 388 (Fla. Dist. Ct. App. 2004)).

---

[9]     Even if *Butler* sought to re-define the elements of fraudulent inducement, the Florida Supreme Court "does not intentionally overrule itself sub silentio." *Puryear v. State*, 810 So. 2d 901, 905 (Fla. 2002). When faced with a conflict among Florida Supreme Court decisions, a court should "apply [the Florida Supreme Court's] express holding in the former decision until such time as th[e] Court recedes from the express holding." *Id*. At least two earlier decisions of the Florida Supreme Court hold that justifiable reliance is an element of fraudulent inducement. *Fote v. Reitano*, 46 So. 2d 891, 893 (Fla. 1950) ("It is our opinion, therefore, that the plaintiffs failed to prove that they were justified in relying upon the representation alleged to have been made by defendant."); *Avila South Condo. Ass'n v. Kappa Corp.*, 347 So .2d 599, 604 (Fla. 1977) (requiring "reasonable reliance on material misrepresentations of existing fact"). *Butler* does not expressly and could not silently overrule this precedent. Thus, the prior decisions should control.

Finally, like the original Complaint, the Amended Complaint expressly alleges that Plaintiff "reasonably and justifiably relied on Dr. Komotar's statement in resigning from the Fellowship, to his detriment." (*Compare* Compl. ¶ 109 *with* Am. Compl. ¶ 120.) Given this authority and Plaintiff's own allegations, the University respectfully submits that justifiable reliance is an essential element of the tort. Under that standard, Plaintiff's claim necessarily fails. As a matter of law, a plaintiff cannot establish justifiable reliance when he knew or should have known that the alleged misrepresentations were false. *L & L Doc's, L.L.C. v. Fla. Div. Of Alcoholic Beverages and Tobacco*, 882 So. 2d 512 (Fla. 4th DCA 2004). In that case, the Fourth District Court of Appeal held that a fraudulent inducement claim failed as a matter of law because the plaintiffs could not justifiably rely on an alleged representation that a sale contract would include illegal slot machines. *Id*. at 514-15. The appellate court continued:

> Without admitting that there was a misrepresentation, seller argues that, in any event, the buyers were not justified in relying upon a misrepresentation which they knew or should have known, with the exercise of some diligence, was false. We agree. Buyers' ignorance of the law is not excused simply because they are not from this country. *See generally State v. Beasley*, 580 So. 2d 139, 142 (Fla. 1991) ("As to notice, publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions"); *see also Davis v. Strople*, 158 Fla. 614, 29 So. 2d 364 (1947) (ignorance of the law is no excuse).

*Id*. at 515-16.

These same principles hold true here. The alleged fraudulent misrepresentations relate to Plaintiff's receipt of a false certification of his medical credentials. The provision of a Certificate of Completion of a Fellowship that Plaintiff did not complete would violate Florida law and public policy. Therefore, Plaintiff could not justifiably rely on such alleged misrepresentations.

## III.    DISMISSAL WITH PREJUDICE IS APPROPRIATE.

Plaintiff has had two opportunities to state his claims but has failed to do so - - even after the Court provided guidance of the requirements to properly state a claim. At this juncture, the University Defendants respectfully submit that the Court should not permit further amendment. To that end, the Eleventh Circuit repeatedly has held that a district court may dismiss an action with prejudice where, as here, the plaintiff has had one opportunity to amend. *See, e.g.*, *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 Fed. Appx. 925, 930 (11th Cir. 2016) (affirming dismissal with prejudice after plaintiff was advised of deficiencies in its complaint but filed a "minimally augmented Amended Complaint" that failed to correct same); *Frantz v. Walled*, 513 Fed. Appx. 815, 819 (11th Cir. 2013) (affirming dismissal with prejudice where plaintiff "already received one opportunity to correct his complaint's deficiencies" but failed to do so).[10]

Alternatively, as the Court noted in its Dismissal Order, dismissal with prejudice would be appropriate under Fed. R. Civ. P. 41(b). *See, e.g.*, *Meduty v. Ga. Dept. of Admin. Servs.*, 614 Fed. Appx. 401, 402 (11th Cir. 2015) (rejecting plaintiff's argument that "the district court abused its discretion when it dismissed his amended complaint for not obeying a previous order to re-plead in compliance with the Federal Rules of Civil Procedure" and affirming dismissal with prejudice).

### CONCLUSION

Not only is the Amended Complaint a shotgun pleading, but the claims asserted therein are factually and legally meritless. The Amended Complaint fails to state any claim upon which relief can be granted. Therefore, it properly should be dismissed. Because he already has had two

---

[10]     Further, pursuant to the Court's Scheduling Order, the deadline to amend pleadings expired on July 30, 2020. (D.E. 26.) It is well-established that a "district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *Watkins v. Regions Mortg. Inc.*, 555 Fed. Appx. 922, 924 (11th Cir. 2014). Permitting amendment at this late juncture would unfairly prejudice the University Defendants.

opportunities to state his claims and has failed to do so, and because any further amendment would be futile, the dismissal should be with prejudice.

WHEREFORE, the University and Dr. Komotar respectfully request that the Court (1) dismiss Plaintiff's Amended Complaint with prejudice as set forth above; (2) award them their attorneys' fees and costs to the fullest extent permitted by applicable law (including, but not limited to, 28 U.S.C. § 1920 and 42 U.S.C. § 1988); and (3) grant such further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Christopher M. Yannuzzi
       Eric D. Isicoff
       Florida Bar No. 372201
       Isicoff@irlaw.com
       Teresa Ragatz
       Florida Bar No. 545170
       Ragatz@irlaw.com
       Christopher M. Yannuzzi
       Florida Bar No. 92166
       Yannuzzi@irlaw.com

*Counsel for Defendants, University of Miami and Ricardo Komotar*

## <u>CERTIFICATE OF SERVICE</u>

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via

CM/ECF this 6th day of November, 2020, upon the following:

| | |
|---|---|
| Christopher J. Brochu, Esq.<br>Law Office of Christopher J. Brochu, PLLC<br>One Call Tower<br>841 Prudential Drive, Suite 1200<br>Jacksonville, Florida 32207<br>Tel.: (904) 201-1771<br>E-mail: c.brochu@brochulaw.com<br><br>*Co-Counsel for Plaintiff* | Leona N. McFarlane<br>Miami-Dade County Attorney<br>Stephen P. Clark Center<br>111 N.W. 1st Street, Suite 2810<br>Miami, Florida 33128<br>Tel.: (305) 375-5067<br>E-mail: LeonaMc@miamidade.gov<br><br>*Counsel for Defendant, Public Health Trust of Miami-Dade County, Florida* |
| Jason J. Bach, Esq.<br>The Bach Law Firm<br>7881 W. Charleston Blvd., Suite 165<br>Las Vegas, Nevada 89117<br>Tel.: (702) 925-8787<br>E-mail: jbach@bachlawfirm.com<br><br>*Co-Counsel for Plaintiff (admitted pro hac vice)* | |

By: /s/ Christopher M. Yannuzzi
Christopher M. Yannuzzi