**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:20-cv-20897-KMM**

**AHMAD ELAKIL,**

    **Plaintiff,**

**v.**

**PUBLIC HEALTH TRUST OF MIAMI-DADE COUNTY, FLORIDA; UNIVERSITY OF MIAMI; and RICARDO KOMOTAR,**

    **Defendants.**
_____/

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANT, UNIVERSITY OF MIAMI**

Defendant, University of Miami (the "University"), by and through undersigned counsel, hereby answers Count IV of the Amended Complaint and Jury Demand (the "Amended Complaint") (D.E. 30) filed by Plaintiff, Ahmad Elakil ("Dr. Elakil").[1]

**ANSWER**

The University answers the Amended Complaint in correspondingly-numbered paragraphs as follows.[2] All allegations not admitted below are hereby denied.

---

[1] On February 18, 2021, the Court entered an Order, which (1) dismissed all claims against Defendant, Ricardo Komotar ("Dr. Komotar"), with prejudice (Counts I and II); and (2) dismissed all claims against the University with prejudice (Counts I through III), except for Count IV. (D.E. 37.) At this time, the only claims that remain pending are the portion of Count III (breach of contract) alleged against Defendant, Public Health Trust of Miami-Dade County, Florida (the "Trust") and Count IV (fraud in the inducement) against the University.

[2] In violation of applicable rules, the Amended Complaint contains a section entitled 'Introduction," which is not numbered and which does not contain factual allegations. (D.E. 30 at 1-2.) No response to the Introduction is required. To the extent a response is required, the University admits that Dr. Elakil has brought this action but denies that any unlawful act ever occurred and denies his entitlement to any of the relief he seeks.

**PARTIES**

1. The University admits that Dr. Elakil formerly was a Fellow in the University's Neurooncology Fellowship Program and that he formerly was employed as a Fellow by the Trust in its Neurosurgery Neurooncology Program. The University is without knowledge sufficient to admit or deny the remaining allegations set forth in this paragraph and, therefore, denies same.

2. The University admits that the Trust operates Jackson Health System (including Jackson Memorial Hospital). The University is without knowledge sufficient to admit or deny the remaining allegations set forth in this paragraph and, therefore, denies same.

3. The University admits that it is a non-profit education institution located in Miami, Florida and that it operates graduate medical education and training programs. The University denies the remaining allegations set forth in this paragraph.

4. The University admits that Dr. Komotar has served as the Director of the Neurooncology Fellowship Program and has served as a professor at the University. The remaining allegations set forth in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the University is without knowledge sufficient to admit or deny the remaining allegations set forth in this paragraph and, therefore, denies same.

5. The University admits that venue is proper in Miami-Dade County, Florida. The University denies that any of the unlawful acts alleged ever occurred.

6. The University denies the allegations set forth in this paragraph.

**JURISDICTION**

7. The University admits that the Court has subject-matter jurisdiction over this action. The University denies that any violations ever occurred and denies Dr. Elakil's entitlement to any of the relief he seeks.

8. The University admits that the Court has supplemental jurisdiction over Dr. Elakil's state-law claims The University denies that any violations ever occurred and denies Dr. Elakil's entitlement to any of the relief he seeks.

9. The University admits that venue is proper in Miami-Dade County, Florida. The University denies that any of the unlawful acts alleged ever occurred.

10. The University denies the allegations set forth in this paragraph.

## GENERAL FACTUAL ALLEGATIONS

11. The University denies that Dr. Elakil is a highly-accomplished neurosurgeon. The University is without knowledge sufficient to admit or deny the remaining allegations set forth in this paragraph and, therefore, denies same.

12. The University is without knowledge sufficient to admit or deny the allegations set forth in this paragraph and, therefore, denies same.

13. The University is without knowledge sufficient to admit or deny the remaining allegations set forth in this paragraph and, therefore, denies same.

14. The University admits that, in February 2018, Dr. Elakil accepted the position of Fellow in the University's Neurooncology Fellowship Program. The University admits that the application process and acceptance were handled by the University's Miller School of Medicine. The University is without knowledge sufficient to admit or deny the remaining allegations set forth in this paragraph and, therefore, denies same.

15. The University denies the allegations set forth in this paragraph.

16. The University denies the allegations set forth in this paragraph.

17. The University denies the allegations set forth in this paragraph.

18. The University denies the allegations set forth in this paragraph.

19. The University admits that the Trust paid Dr. Elakil a salary. The University denies the remaining allegations set forth in this paragraph.

20. The University denies the allegations set forth in this paragraph.

21. The University states that the issuance of a Certificate of Completion is governed by the terms of the Collective Bargaining Agreement with the Committee of Interns and Residents ("CBA"). To the extent the allegations set forth in this paragraph are inconsistent therewith, they are denied.

22. The University admits the allegations set forth in this paragraph.

23. The University denies the allegations set forth in this paragraph.

24. The University admits that Dr. Komotar is the Director of the University's Neurooncology Fellowship and Residency Programs and that he has served as a Professor at the University. The University is without knowledge sufficient to admit or deny the remaining allegations set forth in this paragraph and, therefore, denies same.

25. The University admits that Dr. Komotar supervised Dr. Elakil's work in the Fellowship. The University denies the remaining allegations set forth in this paragraph.

26. The University denies the allegations set forth in this paragraph.

27. The University denies the allegations set forth in this paragraph.

28. The University admits the allegations set forth in this paragraph.

29. The University admits that, pursuant to its contract with Dr. Elakil, his Fellowship was to last one year. The University is without knowledge sufficient to admit or deny the remaining allegations set forth in this paragraph and, therefore, denies same.

30. The University denies the allegations set forth in this paragraph.

31. The University denies the allegations set forth in this paragraph.

32. The University denies the allegations set forth in this paragraph.

33. The University denies the allegations set forth in this paragraph.

34. The University denies the allegations set forth in this paragraph.

35. The University denies the allegations set forth in this paragraph.

36. The University denies the allegations set forth in this paragraph.

37. The University states that the referenced e-mails speak for themselves. To the extent the allegations set forth in this paragraph are inconsistent therewith, they are denied.

38. The University states that the referenced e-mails speak for themselves. To the extent the allegations set forth in this paragraph are inconsistent therewith, they are denied.

39. The University states that the referenced e-mails speak for themselves. To the extent the allegations set forth in this paragraph are inconsistent therewith, they are denied.

40. The University states that the referenced e-mails speak for themselves. To the extent the allegations set forth in this paragraph are inconsistent therewith, they are denied.

41. The University states that the referenced e-mails speak for themselves. To the extent the allegations set forth in this paragraph are inconsistent therewith, they are denied.

42. The University denies the allegations set forth in this paragraph.

43. The University denies the allegations set forth in this paragraph.

44. The University denies the allegations set forth in this paragraph.

45. The University states that the referenced e-mails speak for themselves. To the extent the allegations set forth in this paragraph are inconsistent therewith, they are denied.

46. The University admits that Dr. Elakil resigned from the Fellowship, effective November 1, 2019. The University denies the remaining allegations set forth in this paragraph.

47. The University denies the allegations set forth in this paragraph.

48. The University admits the allegations set forth in this paragraph.

49. The University is without knowledge sufficient to admit or deny the allegations set forth in this paragraph and, therefore, denies same.

50. The University states that the referenced e-mails and text messages speak for themselves. To the extent the allegations set forth in this paragraph are inconsistent therewith, they are denied.

51. The University states that the referenced e-mails and text messages speak for themselves. To the extent the allegations set forth in this paragraph are inconsistent therewith, they are denied. The University denies the allegation that Dr. Komotar's "story began to change."

52. The University denies the allegations set forth in this paragraph.

53. The University states that the referenced e-mails and text messages speak for themselves. To the extent the allegations set forth in this paragraph are inconsistent therewith, they are denied.

54. The University states that the referenced e-mails and text messages speak for themselves. To the extent the allegations set forth in this paragraph are inconsistent therewith, they are denied. The University denies the remaining allegations set forth in this paragraph.

55. The University states that the referenced e-mails and text messages speak for themselves. To the extent the allegations set forth in this paragraph are inconsistent therewith, they are denied. The University admits that Dr. Elakil was advised that he would not receive a Certificate of Completion. The University denies the remaining allegations set forth in this paragraph.

56. The University denies the allegations set forth in this paragraph.

57. The University admits that Dr. Elakil attempted to grieve and appeal the decision not to issue a Certificate of Completion. The University denies the remaining allegations set forth in this paragraph.

58. The University admits that Dr. Elakil's counsel contacted the University. The University denies the remaining allegations set forth in this paragraph.

59. The University is without knowledge sufficient to admit or deny the allegations set forth in this paragraph and, therefore, denies same.

60. The University is without knowledge sufficient to admit or deny the allegations set forth in this paragraph and, therefore, denies same.

61. The University is without knowledge sufficient to admit or deny the allegations set forth in this paragraph and, therefore, denies same.

62. The University denies the allegations set forth in this paragraph.

63. The University denies the allegations set forth in this paragraph.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Denial of Procedural Due Process)**
**(Against the University and Dr. Komotar)**

By Order dated February 18, 2021, the Court dismissed this claim with prejudice. (D.E. 37.) Accordingly, no response to the allegations set forth in paragraphs 64-78 is required. To the extent a response is required, the University denies the allegations set forth therein.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Denial of Substantive Due Process)**
**(Against the University and Dr. Komotar)**

By Order dated February 18, 2021, the Court dismissed this claim with prejudice. (D.E. 37.) Accordingly, no response to the allegations set forth in paragraphs 79-99 is required. To the extent a response is required, the University denies the allegations set forth therein.

### THIRD CAUSE OF ACTION
### (Breach of Contract)
### (Against the University and the Trust)

By Order dated February 18, 2021, the Court dismissed this claim against the University with prejudice. (D.E. 37.) Accordingly, no response to the allegations set forth in paragraphs 100-113 is required. To the extent a response is required, the University denies the allegations set forth therein.

### FOURTH CAUSE OF ACTION
### (Fraudulent Inducement)
### (Against the University)

114.   The University reasserts and incorporates by reference its responses to paragraphs 11 through 63 above as though fully set forth herein.

115.   The University states that the allegations set forth in this paragraph consist solely of legal conclusions, to which no response is required. To the extent a response is required, the University denies the allegations set forth in this paragraph.

116.   The University denies the allegations set forth in this paragraph.

117.   The University denies the allegations set forth in this paragraph.

118.   The University denies the allegations set forth in this paragraph.

119.   The University denies the allegations set forth in this paragraph.

120.   The University denies the allegations set forth in this paragraph.

121.   The University denies the allegations set forth in this paragraph.

122.   The University denies the allegations set forth in this paragraph.

WHEREFORE, the University (1) denies Dr. Elakil's entitlement to any of the relief he seeks (specifically including the "Relief Requested" section of his Amended Complaint); (2) requests that judgment be entered in its favor and against Dr. Elakil on all claims; and (3) requests

that it be awarded its reasonable costs and attorneys' fees to the fullest extent permitted by applicable law (including, but not limited to, 28 U.S.C. § 1920 and 42 U.S.C. § 1988), along with such further relief as the Court deems just and appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, the University states as follows:

1. Dr. Elakil failed to exhaust his administrate remedies prior to filing the instant lawsuit. Dr. Elakil failed to file a timely grievance and/or appeal in accordance with Articles 12 and 14, respectively, of the CBA.

2. Dr. Elakil's tort claim is barred by sovereign immunity (Florida Statutes § 768.28) as well as his failure to comply with the pre-suit notice requirements of the statute.

3. Dr. Elakil's claim for fraudulent inducement fails because he cannot establish the requisite element of justifiable/reasonable reliance. The alleged promises on which Dr. Elakil allegedly relied were expressly contradicted by the language of the CBA regarding the issuance of a Certificate of Completion. Dr. Elakil failed to satisfactorily complete the Fellowship (resigning approximately four months into the twelve-month program), and Dr. Elakil never received the requisite clearance from the Graduate Medical Education Office. Further, Dr. Elakil knew that the alleged promises were untrue.

4. Dr. Elakil's claim for fraudulent inducement fails because he cannot establish that the alleged promises of Dr. Komotar were supported by consideration.

5. Dr. Elakil's claim for fraudulent inducement fails because he cannot establish that Dr. Komotar had actual or apparent authority to make the alleged promises that are the subject of this action.

6. Dr. Elakil's claim for fraudulent inducement is barred by the doctrine of *in pari delicto* and the public policy of the State of Florida. In this lawsuit, Dr. Elakil alleges that he and Dr. Komotar had an agreement by which he would receive false certification of his medical credentials. Such an alleged agreement is unenforceable as a matter of Florida law. Further, Dr. Elakil has admitted under oath that it was his expectation that his Certificate of Completion would falsely state that he worked in the Fellowship in one year - - notwithstanding the fact that he resigned from the Fellowship after four months. Dr. Elakil's knowing participation in the alleged fraud bars any claim for relief.

7. Dr. Elakil's claim for fraudulent inducement is barred by the doctrine of unclean hands. In this lawsuit, Dr. Elakil alleges that he and Dr. Komotar had an agreement by which he would receive false certification of his medical credentials. Such an alleged agreement is unenforceable as a matter of Florida law. Further, Dr. Elakil has admitted under oath that it was his expectation that his Certificate of Completion would falsely state that he worked in the Fellowship in one year - - notwithstanding the fact that he resigned from the Fellowship after four months. Dr. Elakil's knowing participation in the alleged fraud bars any claim for relief.

8. Dr. Elakil's claim for fraudulent inducement fails because he cannot identify any alleged tort or breach that is independent from the alleged contract at issue.

9. Dr. Elakil's claim for fraudulent inducement fails pursuant to the "election of remedies" doctrine. Florida law requires plaintiffs in fraudulent inducement cases to make an election of remedies, choosing either to repudiate their contracts and seek rescission or to affirm the contracts and seek damages. In this lawsuit, Dr. Elakil has elected to affirm the alleged contract and seek damages. Because the Court already has determined that Dr. Elakil's Section 1983 and

contract claims against the University and Dr. Komotar fail, his election of remedies bars his fraudulent inducement claim.

10. Dr. Elakil has failed to mitigate his alleged damages by, for example, seeking admission at another educational institution or obtaining reasonable comparable employment.

The University reserves the right to supplement its Answer and Affirmative Defenses and/or assert any such additional defenses as may become necessary, as the facts and circumstances develop during discovery.

    Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Christopher M. Yannuzzi
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Teresa Ragatz
    Florida Bar No. 545170
    Ragatz@irlaw.com
    Christopher M. Yannuzzi
    Florida Bar No. 92166
    Yannuzzi@irlaw.com

*Counsel for Defendant, University of Miami*

## **CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF this 4th day of March, 2021, upon the following:

| | |
|---|---|
| Christopher J. Brochu, Esq.<br>Law Office of Christopher J. Brochu, PLLC<br>One Call Tower<br>841 Prudential Drive, Suite 1200<br>Jacksonville, Florida 32207<br>Tel.: (904) 201-1771<br>E-mail: c.brochu@brochulaw.com<br><br>*Co-Counsel for Plaintiff* | Leona N. McFarlane<br>Miami-Dade County Attorney<br>Stephen P. Clark Center<br>111 N.W. 1st Street, Suite 2810<br>Miami, Florida 33128<br>Tel.: (305) 375-5067<br>E-mail: LeonaMc@miamidade.gov<br><br>*Counsel for Defendant, Public Health Trust of Miami-Dade County, Florida* |
| Jason J. Bach, Esq.<br>The Bach Law Firm<br>7881 W. Charleston Blvd., Suite 165<br>Las Vegas, Nevada 89117<br>Tel.: (702) 925-8787<br>E-mail: jbach@bachlawfirm.com<br><br>*Co-Counsel for Plaintiff (admitted pro hac vice)* | |

          By: /s/ Christopher M. Yannuzzi
             Christopher M. Yannuzzi